**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. NO. 29,350

**CHAD FINCH,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals from the district court order denying Defendant's motion to suppress and remanding to the magistrate court for imposition of his original sentence. [RP 81] This Court issued a calendar notice proposing to affirm. Defendant has filed

a memorandum in opposition, which we have duly considered. Because we are unpersuaded, we affirm.

Defendant was charged with non-aggravated DWI, first offense, contrary to NMSA 1978, § 66-8-102 (2008); failure to provide proof of insurance, contrary to NMSA 1978, § 66-5-205 (1998); and unauthorized use of handicapped parking, contrary to NMSA 1978, § 66-7-352.5 (2007). Defendant entered into a conditional plea on the charge of driving under the influence in return for the other charges being dropped, and conditioned on Defendant retaining his right to appeal the magistrate court denial of his suppression motion. [DS 2; RP 17] Defendant appealed the suppression issue to the district court. [Id.] Defendant argued below, and now on appeal, that the officer did not have reasonable suspicion to detain him, where the officer claims to have initiated his investigation based on his suspicion that Defendant had illegally parked in a handicapped parking spot, and where Defendant's vehicle had a handicapped placard displayed. The district court denied Defendant's motion to suppress and issued an order remanding the matter to magistrate court for imposition of the original sentence. [RP 78] Defendant appeals from the district court order.

In this Court's notice of proposed disposi tion, we proposed to conclude that reasonable suspicion existed to support the officer's detention of Defendant. We

noted that the officer observed the vehicle pull into a handicapped-parking spot and three individuals exit the vehicle. The officer observed that none of the individuals appeared to have any physical mobility limitations; informed the occupants that they needed to move the vehicle out of the spot; and followed Defendant (the driver) into the bar after Defendant ignored him. Upon making contact with Defendant, the officer noticed a strong smell of alcohol and requested that Defendant exit the bar in order to conduct field sobriety testing. [CN 3; RP 27-28, 57, 73-74] We proposed to conclude that, under these circumstances, the existence of a valid handicapped placard would not dispel the officer's reasonable belief that the driver had committed a crime. Specifically, we noted that where NMSA 1978, Section 66-3-16.1(B) (2007), makes it illegal for a person to park in a designated spot in the absence of the holder of the placard, and where the officer did not observe anyone that appeared to have physical mobility limitations, it was reasonable for the officer to believe the driver had illegally parked in the designated space, regardless of the fact that a handicapped placard was displayed in the car.

Defendant continues to argue that the officer's failure to observe the handicapped placard, precludes a determination that reasonable suspicion existed. [MIO 5] Defendant contends that it was not objectively reasonable for the officer to have investigated Defendant without first checking to see if a valid handicapped

3

placard was displayed. [Id.] We disagree. As we discussed in our notice of proposed disposition, the existence of a valid handicapped placard would not have dispelled the officer's reasonable suspicion that Defendant had illegally parked in the designated space. The officer did not see anyone in the vehicle who would appear to meet the qualifications necessary for the issuance or use of a handicapped parking placard, thus, the officer still had reasonable suspicion to believe that Defendant had violated Section 66-3-16.1(B). To the extent Defendant argues that a person may be qualified to use a handicapped placard even though his or her physical disability is not outwardly obvious, we note that "[s]imply because certain conduct may be construed as consistent with innocent behavior does not mean that this conduct may not form the basis for reasonable suspicion." *See State v. Guzman*, 118 N.M. 113, 116, 879 P.2d 114, 117 (Ct. App. 1994) (internal quotation marks and citation omitted). We therefore conclude that the officer had sufficient justification to approach Defendant for further investigation.

For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

4

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**JONATHAN B. SUTIN, Judge**